IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-2017 (RGA) (SRF) |
| ) | **CONSOLIDATED** |
| MSN LABORATORIES PRIVATE LIMITED ) | |
| and MSN PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND [PROPOSED] ORDER CONCERNING REMOTE DEPOSITIONS

IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Plaintiff Exelixis, Inc. and Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (together "MSN"), subject to the approval of the Court, that the following protocol for conducting depositions via remote means shall apply in the above-captioned matter:

1. All depositions of fact witnesses in this action shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded. The Parties shall meet and confer before any expert deposition is taken regarding whether the terms of this Stipulation shall apply to expert depositions.

2. The Parties agree to use Planet Depos, LLC ("Planet Depos") for court reporting, videoconference and remote deposition services. The Parties agree that a Planet Depos employee may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer any virtual breakout rooms.

3. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the

deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The Party offering the witness for deposition (e.g., the Party designating the witness to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6) or the Party that employs the witness) shall notify counsel for the noticing Party of the jurisdiction in which the witness will sit for the deposition and of any restrictions that may be placed on the taking of the deposition by the laws of that jurisdiction as soon as practicable, and no later than 14 days before the deposition is noticed to take place.

5. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately; however, at the witness's discretion and to the extent permissible under applicable public health orders and restrictions, nothing shall preclude counsel representing a witness from attending the deposition in person. Each person attending a deposition shall ensure their environment is free from noise and distractions.

6. Consistent with Local Rule 30.6, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

7. During breaks in the deposition, the Parties may use the breakout room feature provided by Planet Depos, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by Planet Depos prior to the deposition and controlled by Planet Depos. Nothing in this paragraph precludes communications during breaks that are otherwise permitted.

8. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the location where the deponent resides.

9. The court reporter will stenographically record the testimony, and the court reporter's transcript, including applicable errata, shall constitute the official record. Planet Depos will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

10. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

11. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition, including any costs associated with obtaining a real-time or expedited transcript.

12. The Party that noticed the deposition shall provide Planet Depos or the other court reporter with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

13. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Planet Depos or other company employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that

Case 1:19-cv-02017-RGA-SRF Document 146 Filed 06/29/21 Page 4 of 6 PageID #: 2256

includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

14. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Planet Depos employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

15. The Parties agree to work collaboratively and in good faith with Planet Depos to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition if the deponent cannot hear or understand the other participants or if the participants cannot hear or understand the deponent.

16. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

17. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

18. Counsel for the deponent will provide notice at least 7 days before the deposition if the witness requests hard copies of the exhibits for the deposition. The party taking the deposition will then, in good faith, work to provide hard copies of the documents to the deponent in advance of the deposition. Such a request, however, does not preclude the party taking the deposition from introducing additional documents at the deposition that were not previously provided in hard copy form. Otherwise, exhibits shall be introduced electronically during the deposition by using the Planet Depos document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|---|---|
| */s/ Anthony D. Raucci* | */s/ Dominick T. Gattuso* |
| Jack B. Blumenfeld (#1014)<br>Anthony D. Raucci (#5948)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>araucci@morrisnichols.com | Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorneys for Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc.* |

*Attorneys for Plaintiff Exelixis, Inc.*

June 29, 2021

Furthermore, the deposition shall be certified, consistent with the requirements of Rule 30(f)(1) and an errata sheet, if any, shall be completed and made part of the record no later than 30 days from completion of the deposition.

IT IS SO ORDERED, this 30th day of June 2021.

_____
United States Magistrate Judge

-6-