IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-2017 (RGA) (SRF) |
| | ) **CONSOLIDATED** |
| MSN LABORATORIES PRIVATE LIMITED | ) |
| and MSN PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order (D.I. 162) and the parties' Joint Status Report and related stipulation (D.I. 171, 172), Plaintiff Exelixis, Incorporated and Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc. (collectively "MSN") submit this status report about the parties' discussions regarding revising the Protective Order entered in this case.

As discussed in the parties' prior Joint Status Report (D.I. 171), on July 14, 2021, the Court permitted MSN, over Plaintiff's objection, to designate Dr. Kondal Reddy Bairy, a non-attorney employee, to receive Confidential Information under the Protective Order.[1] D.I. 162. In so doing, the Court relied in part on the decision in the obeticholic acid litigation (C.A. No. 20-1105), where MSN was permitted to designate a non-attorney employee to receive confidential information. *See* D.I. 162 at 5 (finding that "[u]nder similar circumstances involving the same defendant, courts in this district have permitted access to a non-attorney employee") (citing D.I. 157, Ex. C).

---

[1] Plaintiff reserves its right under Fed. R. Civ. P. 72 to object to the Court's ruling permitting MSN to disclose Confidential Information to Dr. Bairy on the ground that the current Protective Order does not permit such access and the Court did not apply the proper standard in entertaining MSN's request to modify the Protective Order to allow Dr. Bairy access. MSN does not agree to extend the date for Plaintiff to file a Rule 72 objection. Any such objection is currently due on or before July 28 in accordance with Fed. R. Civ. P. 72, the Court's Standing Order in Non-Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, and the Local Rules.

The parties have discussed issues regarding Dr. Bairy's access under the Protective Order, including two proposed amendments to the Protective Order in this case to include provisions that were present in the protective order in the obeticholic acid litigation:  one amendment, which would create a second tier of confidentiality such that Plaintiff could designate a limited category of "Highly Confidential Information" that MSN's employee would not have access to; and, a second amendment that would preclude MSN's employee from engaging in certain regulatory activities.

The parties have been unable to reach an agreement concerning the scope of the amendments, and specifically the definition of "Highly Confidential Information."[2]  As such, the parties are filing a joint motion requesting a teleconference.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| */s/ Anthony D. Raucci* | */s/ Dominick T. Gattuso* |
| Jack B. Blumenfeld (#1014) | Dominick T. Gattuso (#3630) |
| Anthony D. Raucci (#5948) | 300 Delaware Avenue, Suite 200 |
| 1201 North Market Street | Wilmington, DE 19801 |
| P.O. Box 1347 | (302) 472-7300 |
| Wilmington, DE 19899 | dgattuso@hegh.law |
| (302) 658-9200 | |
| jblumenfeld@morrisnichols.com | *Attorneys* for *Defendants MSN Laboratories* |
| araucci@morrisnichols.com | *Private Limited and MSN Pharmaceuticals, Inc.* |
| | |
| *Attorneys for Plaintiff Exelixis, Inc.* | |

July 27, 2021

---

[2] MSN does not agree to any proposed modifications of the Protective Order in the event Exelixis files an objection to this Court's July 14, 2021 order pursuant Fed. R. Civ. P. 72.