IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| EXELIXIS, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>MSN LABORATORIES PRIVATE LIMITED and MSN PHARMACEUTICALS, INC.,<br><br>       Defendants. | Civil Action No. 19-2017-RGA |

MEMORANDUM ORDER

Plaintiff has filed a *Daubert* motion (D.I. 257) and a motion in limine (D.I. 269) concerning expected testimony of Dr. Lepore about the purported obviousness of the claim 5 of the '473 patent. (*See* D.I. 270 at 3 (describing issues for trial)). The main point of both motions is the assertion that Dr. Lepore has not identified specific combinations of prior art for his obviousness analysis. Defendants have referred to a portion of Dr. Lepore's report where he lists categories of references. (D.I. 269-1 ¶ 204). My view is that, in the usual case, an obviousness combination requires the identification of two or sometimes three references that disclose the requisite claim elements, and (usually) additional references, which can be multiple references to show the state of the art, that, considered as a whole, support a motivation to combine and a reasonable expectation of success in doing so. Here, the expert has one reference as the "lead compound." The expert has three additional categories of references: (1) four that show "c-Met's role in various Cancers," (2) six references "related to selecting a lead compound," and (3) fourteen references "related to modifying the lead compound." (*Id.*).

      I do not think the identification of specific combinations is a *Daubert* issue, and, thus, I **DENY** the *Daubert* motion. (D.I. 257).[1] The issue could be appropriate for a motion in limine, although based on what is presented in the motion, I would not grant it. Based on my present understanding, I think that categories (1) and (2) do not need to be limited to a single reference. I am less clear on the third category.

      Thus, the parties should be prepared to address the motion in limine at the pretrial conference.

      IT IS SO ORDERED this 20th day of April 2022.

/s/ Richard G. Andrews
United States District Judge

---

[1] I am not persuaded by Plaintiff's argument that Dr. Lepore's report fails to address motivation to combine and reasonable expectation of success with respect to the prior art disclosures. (D.I. 258 at 9-10). Dr. Lepore's discussion of a POSA's motivation and expectation of success in modifying what was disclosed in the prior art to form the claimed compound provides a sufficient basis for his obviousness opinion. (D.I. 259-1 Ex. A ¶¶ 234-299; *see In re Ethicon, Inc.*, 844 F.3d 1344, 1349-51 (Fed. Cir. 2017).

      The other issues raised in the Daubert motion, particularly at D.I. 258 at 11-13, can be raised by objection at trial should Dr. Lepore offer irrelevant testimony.