IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-2017 (RGA) (SRF) |
| | ) **CONSOLIDATED** |
| MSN LABORATORIES PRIVATE LIMITED | ) |
| and MSN PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendants. | ) |

## FINAL JUDGMENT

**WHEREAS** this patent infringement action was brought by Exelixis, Inc. ("Exelixis") alleging, inter alia, that the filing of Abbreviated New Drug Application ("ANDA") No. 213878 by MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. (collectively, "MSN"), infringed claim 5 of U.S. Patent No. 7,579,473 (the "'473 Patent") and claim 1 of U.S. Patent No. 8,877,776 (the "'776 Patent"). *See* D.I. 1 (alleging infringement of claim 1 of the '776 Patent);[1] *Exelixis, Inc. v. MSN Lab'ys Pvt. Ltd.*, C.A. No. 20-633, D.I. 1 (D. Del. May 11, 2020) (alleging infringement of claim 5 of the '473 Patent);

**WHEREAS** C.A. No. 19-2017 (D. Del.) and C.A. No. 20-633 (D. Del.) were consolidated (July 21, 2020 Oral Order);

**WHEREAS** MSN stipulated to infringement of claim 5 of the '473 Patent, if claim 5 were not found invalid (D.I. 201 at 2);

**WHEREAS** MSN did not contest the validity of claim 1 of the '776 Patent;

---

[1] Unless stated otherwise, references to D.I. refer to the docket index number of filings in C.A. No. 19-cv-2017 (D. Del.).

**WHEREAS** this matter came before the Court for a bench trial to resolve the questions of (1) whether claim 5 of the '473 Patent is invalid by reason of obviousness and (2) whether the filing of MSN's ANDA No. 213878 constituted infringement of claim 1 of the '776 Patent;

**WHEREAS** the Court held a bench trial in the above-captioned action from May 16, 2022, to May 19, 2022; and

**WHEREAS** the Court issued an opinion setting forth its findings of fact and conclusions of law on January 19, 2023 (D.I. 327).

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. Final judgment is entered in favor of Exelixis and against MSN on (1) Exelixis' claim of infringement under 35 U.S.C. § 271(e)(2) of claim 5 of the '473 Patent and (2) MSN's claim for a declaratory judgment of non-infringement under 35 U.S.C. § 271(e)(2) of claim 5 of the '473 Patent.

2. Final judgment is entered in favor of Exelixis and against MSN on MSN's claim for a declaratory judgment of invalidity of claim 5 of the '473 Patent.

3. Final judgment is entered in favor of MSN and against Exelixis on (1) Exelixis' claim of infringement under 35 U.S.C. § 271(e)(2) of claim 1 of the '776 Patent and (2) MSN's claim for a declaratory judgment of non-infringement under 35 U.S.C. § 271(e)(2) of claim 1 of the '776 Patent.

4. MSN's claim for a declaratory judgment of invalidity of claim 1 of the '776 Patent is dismissed with prejudice.

5. Final judgment is entered in favor of Exelixis and against MSN that the generic cabozantinib product that is the subject of MSN's ANDA No. 213878, if approved by the FDA, would infringe claim 5 of the '473 Patent under 35 U.S.C. § 271(a).

6. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) of any final approval by the FDA of MSN's ANDA No. 213878 shall be a date not earlier than the expiration date of the '473 Patent (August 14, 2026), including any extensions and/or additional periods of exclusivity to that date.

7. Pursuant to 35 U.S.C. § 271(e)(4)(B), MSN and any person or entity to whom MSN transfers ANDA No. 213878, along with their respective affiliates, subsidiaries, and each of their officers, agents, servants, and employees, and those acting in privity or concert with them, are hereby enjoined from engaging in the commercial manufacture, use, offer for sale, and/or sale in the United States and/or importation into the United States of the generic cabozantinib product that is the subject of MSN's ANDA No. 213878 until the expiration date of the '473 Patent (August 14, 2026), including any extensions and/or additional periods of exclusivity to that date.

8. In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within 30 days after the final disposition of any such appeal, and the responding party shall have 30 days after filing and service to respond.

9. In the event that no party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within 30 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4, and the responding party shall have 30 days after filing and service to respond.

10. Pursuant to entry of this Final Judgment, all other claims and counterclaims shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Dated this  30  day of   January  , 2023

/s/ Richard G. Andrews
Honorable Richard G. Andrews
United States District Court Judge